UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,                          No. 21 CR 00342

v.                                     Hon. Paul L. Friedman

JERAMIAH CAPLINGER

        Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

Jeramiah Caplinger is 26 years old. He has an infant daughter and helps raise his girlfriend's 11 year-old daughter. He has no prior convictions and no history of violence.

Among the hundreds charged in connection with the events of January 6, 2021, he is among the least culpable. There is no evidence he intended to enter the Capitol before he arrived in Washington, D.C. He did not engage the police, and, while inside, he did not steal or damage any property. For all these reasons, a non-custodial sentence with a community service component is appropriate.

Mr. Caplinger grew up in turbulent household. Both his parents were abusive and his family struggled economically after the 2008 recession.[1] During the recession, the family grew dependent on federal stimulus payments and aid. At 16, Mr.

---

[1] The 2008 recession was particularly devastating to the economy of Michigan, with job loses in excess of 9% of 2017 employment levels.

Caplinger's family broke up and he began living on his own. Rightly or wrongly, Mr. Caplinger blamed the breakup of his family, in part, on their dependence on government aid. His negative experiences during his early teens caused him to develop a distrust of government. This distrust drew him to the anti-establishment agenda of President Donald J. Trump.

In December of 2020, Mr. Trump expressed concerns about the integrity of the presidential election and called on his supporters to gather in Washington, D.C., to attend a rally. Mr. Caplinger attended that rally. At the rally, Mr. Caplinger listened to all the speeches and thus was not in the first wave of attendees who marched toward the Capitol Building. He began marching to the Capitol at the urging of Mr. Trump. When he arrived, a large crowd was already gathered around the building and on the terrace. The stairs up to the terrace were impassable because of the crowd. Mr. Caplinger chose to climb up the wall to the terrace level.

Once on the terrace level, he entered the building through a set of open doors with a large crowd. He was at the back of a crowd that pushed through the crypt. He was far enough back in a relatively narrow area and could not see that the crowd pushed through a line of officers. While inside, closed circuit video shows Mr. Caplinger wandering on several levels, but does not show him entering offices or destroying property. His only interaction with officers occurs when he sees them coming up stairs toward him near the rotunda. Mr. Caplinger backs away from the officers and appears to encourage others to stay away and keep their distance.

While Mr. Caplinger maintains his commitment to conservative political causes, he has done so legally. He supports the electoral process and is attempting to mount a campaign to become a state representative. He met and debriefed with FBI agents after his guilty plea. Near the end of the interview, the agents inquired of Mr. Caplinger if, in retrospect, he would go to the rally in Washington, D.C., again. He would go to express his political views, but he would stop marching across the street from the Capitol Building. Mr. Caplinger has learned from his mistake. He understands the danger of blindly following the crowd, both figuratively and literally.

**The Appropriate Sentence**

1. *Nature and Circumstances of the Offense and History and Characteristics of the Defendant*

    The events of January 6, 2021 encompass a wide range of conduct. The Department of Justice has alleged that some individuals traveled to Washington, D.C. with the intent of entering the Capitol Building, individuals can be seen assaulting officers on bodycam and closed-circuit camera footage. Some individuals are alleged to have made statements about searching for or threatening the Vice President and members of Congress. Mr. Caplinger did not do any of these things. He is a first-time offender with no history of violence who followed the crowd into the Capitol Building and then left without hurting anyone or destroying anything.

2. *Need to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment*

    As noted above, while the events of January 6, 2021 were serious, Mr.

Caplinger's conduct places him among the least culpable participants and a custodial sentence is not necessary.

### 3. Need to Afford Adequate Deterrence and To Protect the Public from Further Crimes

A sentence of incarceration is not necessary to protect the public or promote deterrence. The Department of Justice has conducted research that has established that "[t]he certainty of being caught is a vastly more powerful deterrent than the punishment." National Institute of Justice, *Five Things About Deterrence*.[2] The fact that the Department of Justice has engaged in a nationwide investigation to track down and prosecute everyone who entered the Capitol Building on January 6, 2021 is the most powerful deterrent to similar future conduct by Mr. Caplinger or others who are following the events of January 6. As the National Institute of Justice research demonstrates, Mr. Caplinger's prosecution, not his sentence, will deter others from engaging in similar behavior.

### 4. Need to Provide Defendant with Education, Training, or Treatment in the Most Effective Manner

Mr. Caplinger has worked since the age of 16 to support himself. He was out of work most of 2021 and spent that time caring for his infant daughter. He recently went back to work at a manufacturing plant. He is making $19/hour and will be eligible for benefits. While his future employment prospects and his family's financial

---

[2] NAT'L INSTITUTE OF JUSTICE, *Five Things About Deterrence* (Jun. 5, 2016), available at https://nij.ojp.gov/topics/articles/five-things-about-deterrence (last accessed May 20, 2021).

4

well-being would be well-served if he attained a GED or high school diploma, he is currently working at least 6 and often 7 days a week. A sentence of probation should require that he continue working full time or that he enroll in an education program.

## 5.   *The Kind of Sentence and Sentencing Range*

This is a class B misdemeanor. The Court could impose up to 6 months imprisonment, but such a sentence is not justified. A sentence of probation with a requirement that Mr. Caplinger complete a community service component would be in the best interest of Mr. Caplinger, his family, and the community in which they live. Allowing Mr. Caplinger to continue to care for his family while both bettering himself through education and giving back the community through community service will strengthen his family ties and his connection to the community.

The events of January 6, 2021 were driven in part by the divisive nature of our current political climate. Allowing Mr. Caplinger to stay in the community and encouraging engagement with that community through required community service will help strengthen his bond within his community including with people of differing political beliefs.

The Government has indicated to counsel that it intends to request a split sentence of incarceration and probation. Such a sentence is not authorized by 18 U.S.C. § 3551(b), which provides for the imposition of a sentence of incarceration or a probation, but not both. This issue was addressed by Judge Colleen Kollar-Kotelly in *United States v. Spencer*, Criminal No. 21-0147-02, Memorandum Opinion and Order,

ECF No. 70. Relying on the plain language in of § 3551, the Judge Kollar-Kotelly found that a split sentence was not authorized.

## 6. *Need to Avoid Unwarranted Sentencing Disparities*

A review of a database of January 6 defendants shows that to date the Department of Justice has initiated prosecution against 726 people. Of these 89 have been sentenced and 24 have been sentenced to probation without home confinement or other custody.[3] Given Mr. Caplinger's relative culpability among these defendants, a probationary sentence is appropriate and would not create an unwarranted disparity.

**Conclusion**

The imposition of a custodial sentence is simply not necessary in this case. Mr. Caplinger made the decision to follow the crowd in the Capitol Building without much thought. Once inside, he refrained from engaging in destructive behavior and avoided confrontation with the police. He left the building on his own accord. Because of his actions, he has dealt with the anxiety of the possibility of being separated from his family if he is incarcerated. He has learned his lesson. Both Mr. Caplinger and his community will be best served if he is allowed to stay home with his family. As a condition of probation, he should be required to participate in

---

[3] The Probation Department may have more up to date or accurate numbers relative to the number of defendants sentenced and the sentences received. However, even if the database referenced in this memorandum is missing a few individual sentences, the fact remains that over one fourth of defendants have received probationary sentences without a home confinement requirement.

community service.

                        Respectfully Submitted,

                        **FEDERAL DEFENDER OFFICE**

                        s/ James R. Gerometta
                        E-mail: james_gerometta@fd.org
                        Counsel for Defendant
                        613 Abbott St., Suite 500
                        Detroit, MI  48226
                        Telephone: (313) 967-5839
                        P60260

                        /s John M. Pierce
                        JOHN M. PIERCE LAW
                        21550 Oxnard St.
                        3rd Floor OMB #172
                        Woodland Hills, CA 91367
                        213-279-7648
                        jpierce@jpiercelaw.com

Dated: January 25, 2022

## CERTIFICATE OF SERVICE

Counsel certifies that on the above date, the foregoing paper was filed with the clerk of the Court using the ECF system, which will send notification to opposing counsel and the Probation Department.

                        S/ James R. Gerometta