UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-342 (PLF) |
| v. : | |
| : | |
| JERAMIAH CAPLINGER, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S POSITION ON DEFENDANT'S MOST RECENT PRE-TRIAL SUPERVISION VIOLATION**

On April 15, 2021, United States Magistrate Judge G. Michael Harvey issued an order granting defendant Jeramiah Caplinger pre-trial release, subject to certain conditions. ECF 9. Those conditions include that Caplinger "Not use or illegally possess a narcotic drug or other controlled substance defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner." ECF 9, 58. Another Court-ordered condition of Caplinger's release is that he is "Prohibited from using marijuana under federal law." *Id.* The Court, via the Pre-Trial Services Office for the Eastern District of Michigan, monitors Caplinger's compliance with these conditions via periodic random drug testing. *See id.*

During the approximately one-year period of his pre-trial supervision, Caplinger has been drug tested eight times. In the entire time Caplinger has been under supervision, he has only tested negative twice. He tested positive the other six times, including as recently as February 27, 2022. Based on the timing of his positive and negative tests, since August 2021, the longest period Caplinger has gone without using illegal drugs appears to have been, at best, two months.

So far, Caplinger has suffered no significant repercussions for his repeated flouting of the Court's orders. The Pre-Trial Services officer recommends that the Court respond to this latest violation by issuing a "Judicial directive that [Caplinger] comply with condition." ECF 58. The

United States cannot join in that recommendation. The Court has already tried this approach twice without success. A third time would be futile. Indeed, the Court issued such a directive when it imposed these conditions in the first place on April 15, 2021. *See* ECF 9. And approximately seven months later, on November 8, 2021, the Court reissued this same directive to Caplinger and admonished him to comply with his conditions. *See* ECF 38. In fact, at that time the Court went a step further and ordered the defendant to report for a mental health evaluation, comply with all treatment recommendations, sign all release waivers, and report treatment compliance to the Court. *See id*. But this intervention did not change Caplinger's behavior either. While he reported for his required mental health evaluation, he has continued to defy the Court's orders, use drugs, and test positive.

      Enough is enough. Caplinger has repeatedly demonstrated that he will not comply with the drug use-related conditions of his release. Directives and admonishments have proven to be ineffective. At this point, there is little reason to believe that further verbal directives from the Court will change the defendant's behavior. Accordingly, the United States recommends that the Court order that the defendant be detained pending sentencing.

      Respectfully submitted,

      MATTHEW M. GRAVES
      UNITED STATES ATTORNEY

      By:

      /s/ *Michael M. Gordon*
      Michael M. Gordon
      Assistant United States Attorney
      Detailed to the
      United States Attorney's Office
      for the District of Columbia from the

                                                      States Attorney's Office
for the Middle District of Florida
FL Bar No. 1026025
555 Fourth Street, N.W.
Washington, DC 20530
Michael.Gordon3@usdoj.gov
(813) 274-6370