UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,                             No. 21 CR 00342

     v.                                     Hon. Paul L. Friedman

JERAMIAH CAPLINGER

        Defendant.
_____/

**DEFENDANT'S MEMORANDUM REGARDING BOND VIOLATIONS**

In April 2021, Jeramiah Caplinger was placed on pretrial release in connection with multiple misdemeanor offenses related to entering the Capitol on January 6, 2021. Mr. Caplinger is charged in this Court but resides in Michigan. One condition of his bond is that he refrain from marijuana use. Although marijuana use has been legalized by both the District of Columbia and Michigan, it remains illegal under federal law.

Mr. Caplinger was a longtime marijuana user. He used marijuana to treat pain from a back injury suffered in car accident and, like many defendants, used it to deal with unaddressed anxiety and depression. For several years he had a medical marijuana card issued by Michigan. That card has expired, but he has an appointment for its renewal on April 10, 2022.

For 4 months, Mr. Caplinger was able to refrain marijuana use. However, in August 2021, he used a marijuana edible. He admitted this use to pretrial services.

He tested positive again in September and October 2021.  He admitted his used to pretrial services and the Court admonished him for his violations in open court and ordered that he attend mental health treatment.

Mr. Caplinger continues to test positive for marijuana, or more precisely positive for THC (delta-9-tetrahydrocannabinol, the substance that produces a high found in marijuana).  When confronted with these continued violations, Mr. Caplinger denied marijuana use, instead claiming he had switched to CBD products.  CBD (cannabidiol) is a non-controlled but unregulated compound found in marijuana that may have beneficial properties involving pain relief and antianxiety.

While CBD products *should* not contain THC, they often do.  And the use of CBD products can result in positive marijuana results on marijuana screens.  See November 22, 2017 Memorandum of Ron Fleger, Director of Workplace Programs, Center for Substance Abuse Prevention (Exhibit 1).

Outside of his marijuana use Mr. Caplinger is complying with his bond conditions.  He is working for the first time since he was charged in this case.  He has a good job at an automotive factory near his home in suburban Detroit.  He still resides with his long-time girlfriend and helps support their child, as well as her child from a previous relationship.  Other than the positive drug screens he is doing well.

When he used marijuana, he admitted it.  He now states that he is using CBD products and there is no reason to doubt him.  The Court should take one of two actions: (1) order him to refrain from using CBD products; or (2) suspend testing.

While ordering him to refrain from CBD use would seem the easiest way to address this issue, it leaves Mr. Caplinger without the medicinal chemical he has been using for years.  This is completely unnecessary.  Mr. Caplinger can continue to use CBD and not run afoul of federal law.

While suspending testing would potentially allow him to use marijuana without being detected, this should not overly concern the Court.  As noted above, marijuana is legal in Michigan and the District of Columbia.  Mr. Caplinger had, and will have again by the time the Court addresses this violation, approval of a licensed doctor allowing him to use marijuana for medical purposes.  The federal government has no clear interest in interfering with this use.  In fact, since 2014, the Rohrabacher-Farr amendment to Congress's yearly spending bills have forbade the use of federal funds to interfere with the implementation of state medical marijuana laws.

There is no reason to believe that Mr. Caplinger was being untruthful when he claims he was using CBD and not marijuana when his test showed positive for THC.  Before Mr. Caplinger's bond violations are heard, he will likely have a physician's authorization to use marijuana for medical purposes.  He is compliant with all other aspects of his pretrial supervision.  If Mr. Caplinger's medical marijuana card is renewed, the Court should suspend testing so that it does not interfere with the operation of Michigan's medical marijuana law.

Respectfully Submitted,

**FEDERAL DEFENDER OFFICE**

s/ James R. Gerometta
E-mail: james_gerometta@fd.org
Counsel for Defendant
613 Abbott St., Suite 500
Detroit, MI  48226
Telephone: (313) 967-5839
P60260

/s John M. Pierce
JOHN M. PIERCE LAW
21550 Oxnard St.
3rd Floor OMB #172
Woodland Hills, CA 91367
213-279-7648
jpierce@jpiercelaw.com

Dated: April 8, 2022

**CERTIFICATE OF SERVICE**

Counsel certifies that on the above date, the foregoing paper was filed with the clerk of the Court using the ECF system, which will send notification to opposing counsel.

S/ James R. Gerometta