UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
UNITED STATES OF AMERICA                  )
                                          )
         v.                               )          Criminal No. 21-0342 (PLF)
                                          )
JERAMIAH CAPLINGER,                       )
                                          )
         Defendant.                       )
_____)


OPINION

On November 1, 2021, defendant Jeramiah Caplinger pleaded guilty to a violation of 40 U.S.C. § 5104(d), a petty offense, Class B misdemeanor, for his involvement in the events at the United States Capitol on January 6, 2021. The government has requested that the Court impose a "split sentence" comprised of three months of incarceration followed by thirty-six months of probation. See Government Sentencing Memorandum ("Gov't Sentencing Mem.") [Dkt. No. 46] at 1. Mr. Caplinger and amicus curiae, the Federal Public Defender ("FPD"), oppose this sentence and argue that the Court has no authority to impose a split sentence for a single petty offense. See Defendant's Supplemental Brief Regarding "Split Sentence" ("Def. Suppl. Br.") [Dkt. No. 51] at 5; Brief of Amicus Curiae Federal Public Defender ("FPD Br.") [Dkt. No. 52] at 5. Upon careful consideration of the parties' filings, the FPD's amicus brief, and the applicable authorities, the Court concludes that a split sentence is permissible for a petty offense and therefore is an option for the Court in Mr. Caplinger's case. The Court will sentence Mr. Caplinger at a later date.[1]

_____

[1]      The Court has reviewed the following documents and their attachments in connection with the pending motion: Information [Dkt. No. 11]; Plea Agreement [Dkt. No. 36];

I.       BACKGROUND

On May 5, 2021, Mr. Caplinger was charged by information with five

misdemeanors stemming from his participation in the January 6, 2021 attack on the U.S. Capitol.

See Information.  Mr. Caplinger subsequently pleaded guilty to one count of stepping, climbing,

removing, or injuring property on the U.S. Capitol grounds in violation of 40 U.S.C. § 5104(d).

See Plea Agreement.  This offense is classified as a Class B misdemeanor, a petty offense, as

defined by 18 U.S.C. § 3559(a)(7), and it carries a maximum sentence of six months of

imprisonment.  Plea Agreement at 1-2.  The government and Mr. Caplinger stipulated that Mr.

Caplinger entered the U.S. Capitol grounds on January 6, 2021; scaled a wall of the U.S. Capitol

to reach the upper terrace level of the Capitol building; and once inside, joined rioters who had

pushed past law enforcement, and proceeded through the Crypt, the Speaker Suites, and the

Rotunda.  See Statement of Offense at ¶¶ 8-11.

On January 25, 2022, the parties submitted their sentencing memoranda in

advance of Mr. Caplinger's sentencing that had been scheduled for February 1, 2022.  The

government requested that the Court impose a split sentence comprised of three months of

incarceration followed by thirty-six months of probation; and it argued at length that the Court

has authority to impose a split sentence pursuant to federal sentencing laws.  See Gov't

Sentencing Mem. at 41-50.  Defense counsel disagreed, maintaining that, under 18 U.S.C.

§ 3551(b), the Court has no such authority.  Def. Sentencing Mem. at 6.  The Court concluded

_____

Statement of Offense [Dkt. No. 37]; Presentence Investigation Report ("PSR") [Dkt. No. 43];
Sentencing Recommendation [Dkt. No. 44]; Government Sentencing Memorandum ("Gov't
Sentencing Mem.") [Dkt. No. 46]; Defendant's Sentencing Memorandum ("Def. Sentencing
Mem") [Dkt. No. 47]; Defendant's Supplemental Brief Regarding "Split Sentence" ("Def. Suppl.
Br.") [Dkt. No. 51]; Brief of Amicus Curiae Federal Public Defender ("FPD Br.") [Dkt. No. 52];
Government's Response to the Supplemental Sentencing Briefs ("Gov't Suppl. Br.") [Dkt.
No. 56]; and United States' Notice of Supplemental Authority [Dkt. No. 57].

that this was an important legal question that deserved more extensive briefing.  Order [Dkt.

No. 48] at 2.  On January 31, 2022, the Court vacated the date scheduled for the sentencing

hearing, directed the parties to submit supplemental briefs addressing this issue, and appointed

the FPD as amicus.  Id.

At the present time, there is no binding precedent on this legal question.  See

United States v. Little, Crim. No. 21-315, 2022 WL 768685, at *3 (D.D.C. Mar. 14, 2022);

United States v. Sarko, Crim. No. 21-591, 2022 WL 1288435, at *1 (D.D.C. Apr. 29, 2022)

(noting that the D.C. Circuit "has not yet opined on this issue").  The Fourth Circuit, the only

court of appeals to have addressed this question, concluded in United States v. Posley that

Section 3561(a)(3) "[u]nquestionably provided statutory authority to sentence the petty-offense

defendant to 'a term of six months of continuous imprisonment plus probation.'"  351 F. App'x

807, 809 (4th Cir. 2009) (per curiam).  See also 3 CHARLES ALAN WRIGHT & SARAH N.

WELLING, FEDERAL PRACTICE AND PROCEDURE § 547 n.13 (4th ed. 2021) ("A defendant may be

sentenced to probation unless . . . the defendant is sentenced at the same time to imprisonment

for an offense that is not petty, or the crime of conviction is one for which probation is expressly

precluded.").

Two judges of this court have issued decisions on this issue.  See United States v.

Sarko, 2022 WL 1288435 (Kollar-Kotelly, J.); United States v. Little, 2022 WL 768685

(Lamberth, J.); United States v. Spencer, Crim. No. 21-147 (D.D.C. Jan. 19, 2022) [Dkt. No. 70]

(Kollar-Kotelly, J.).  In United States v. Little, Judge Royce Lamberth concluded that a judge

may "impose a term of probation at the same time as a term of imprisonment when a defendant is

sentenced to imprisonment for only a petty offense or offenses."  2022 WL 768685, at *8.  Judge

Colleen Kollar-Kotelly reached this same conclusion in United States v. Sarko, where she agreed

with Judge Lamberth's reasoning in <u>Little</u> and the government's interpretation of the relevant statute.  <u>See</u> <u>United States v. Sarko</u>, 2022 WL 1288435, at *2-3.  In <u>Sarko</u>, Judge Kollar-Kotelly also announced a reversal from her earlier decision in <u>Spencer</u>, where she had "found that a split sentence for a petty offender defendant was inappropriate" based on her "initial reading of the relevant statutes, the dearth of cases addressing this issue, and limited briefing by the parties." <u>United States v. Sarko</u>, 2022 WL 1288435, at *1 n.2.  At least two other judges in this district have imposed split sentences for a single petty offense without issuing opinions.  <u>See</u>, <u>e.g.</u>, <u>United States v. Meteer</u>, Crim. No. 21-0630 (D.D.C. Apr. 22, 2022) (McFadden, J.) [Dkt. No. 37]; <u>United States v. Smith</u>, Crim. No 21-0290 (D.D.C. Mar. 24, 2022) (Walton, J.) [Dkt. No. 44].

## II.     LEGAL FRAMEWORK

As always, the Court begins with the plain language of the statute.  <u>In re Rail Freight Fuel Surcharge Antitrust Litigation</u>, 520 F. Supp. 3d 1, 10 (D.D.C. 2021); <u>United States v. Braxtonbrown-Smith</u>, 278 F.3d 1348, 1352 (D.C. Cir. 2002); <u>Group Life & Health Ins. Co. v. Royal Drug Co.</u>, 440 U.S. 205, 210 (1979).  The first step in interpreting a statute is "to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case."  <u>Robinson v. Shell Oil Co.</u>, 519 U.S. 337, 340 (1997).  The words of a statute should be interpreted according to their ordinary meaning.  <u>Taniguchi v. Kan Pac. Saipan, Ltd.</u>, 566 U.S. 560, 566 (2012).  Where the language of the statute is clear and "the statutory scheme is coherent and consistent," that is the end of judicial inquiry.  <u>Robinson v. Shell Oil Co.</u>, 519 U.S. at 340 (internal quotations omitted).  "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which

that language is used, and the broader context of the statute as a whole." <u>Robinson v. Shell</u> <u>Oil Co.</u>, 519 U.S. at 341.

If the language is ambiguous, the Court looks to Congress's purpose in enacting the statute. <u>United States v. Braxtonbrown-Smith</u>, 278 F.3d at 1352; <u>United States v. Cordova</u>, 806 F.3d 1085, 1099 (D.C. Cir. 2015). The Court "'must avoid an interpretation that undermines congressional purpose considered as a whole when alternative interpretations consistent with the legislative purpose are available.'" <u>United States v. Braxtonbrown-Smith</u>, 278 F.3d at 1352 (quoting <u>United States v. Am. Trucking Ass'ns, Inc.</u>, 310 U.S. 534, 543 (1940)). "[T]he function of the courts" is to "construe the language so as to give effect to the intent of Congress." <u>United States v. Am. Trucking Ass'n, Inc.</u>, 310 U.S. at 542. To determine "the general purpose of Congress in enacting the statute" the Court may look to the statute's "legislative history for helpful clues." <u>United States v. Braxtonbrown-Smith</u>, 278 F.3d at 1352.

### III.     DISCUSSION

#### A.  *Statutory Construction*

Chapter 227 (Sentences) of Title 18 of the United States Code sets forth the federal sentencing scheme. It consists of four subchapters:  A (General Provisions); B (Probation); C (Fines); and D (Imprisonment). The question at issue is whether this statutory scheme, or any particular statute, permits the Court to impose both a custodial sentence and a sentence of probation for a violation of 40 U.S.C. § 5104(d), a petty offense and Class B misdemeanor.

Subchapter A, codified at 18 U.S.C. §§ 3551-59, contains general sentencing provisions. Section 3551, entitled "Authorized sentences," states in part:

>(b) Individuals. – An individual found guilty of an offense shall be sentenced, in accordance with the provisions of section 3553, to—
>
>>(1) a term of probation as authorized by subchapter B;
>>
>>(2) a fine as authorized by subchapter C; or
>>
>>(3) a term of imprisonment as authorized by subchapter D.

18 U.S.C. § 3551(b).  It further provides that "[a] sentence to pay a fine may be imposed in addition to any other sentence."  Id.

Subchapter B, codified at 18 U.S.C. §§ 3561-66, governs sentences of probation. Section 3561, entitled "Sentence of probation," states in part:

>(a) In general. – A defendant who has been found guilty of an offense may be sentenced to a term of probation unless—
>
>>(1) the offense is a Class A or Class B felony and the defendant is an individual;
>>
>>(2) the offense is an offense for which probation has been expressly precluded; or
>>
>>(3) the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense.

18 U.S.C. § 3561(a) (emphasis added).

The parties agree that the "default rule" under Section 3551(b) provides that a sentencing court may only sentence a defendant to either a sentence of probation or incarceration for the same offense.  See 18 U.S.C. § 3551(b); United States v. Little, 2022 WL 768685, at *4 ("§ 3551(b) ordinarily makes probation and imprisonment mutually exclusive.").  The parties disagree, however, as to how to interpret Section 3561(a)(3), which permits a term of probation unless "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).  The government argues

the phrase "that is not a petty offense" modifies "the same or a different offense" – meaning that probation is permitted whenever a defendant is sentenced at the same time to a term of imprisonment for either <u>the same</u> petty offense or <u>a different</u> petty offense.  Gov't Sentencing Mem. at 45.[2]  Mr. Caplinger and the FPD disagree, arguing instead that "[i]n subsection (a)(3), the phrase 'that is not a petty offense' modifies solely 'a different offense'; it does not modify 'the same.'"  FPD Br. at 6.  Mr. Caplinger and the FPD's interpretation thus precludes a sentence of both imprisonment and probation for a <u>single</u> offense, but permits the Court to impose probation when a defendant has been sentenced at the same time to a term of imprisonment for a <u>different</u> petty offense.  <u>See</u> Def. Suppl. Br. at 6; FPD Br. at 6.

For the reasons discussed below, the Court agrees with the government that Section 3561(a)(3) permits probation whenever a defendant is sentenced at the same time to imprisonment for the same petty offense or for a different petty offense.  The Court therefore concludes that a split sentence is permissible for a single petty offense.

### 1.   The Text of the Statute

The Court begins with the plain language of the statute.  <u>United States v. Braxtonbrown-Smith</u>, 278 F.3d at 1352.  Section 3561(a)(3) provides that probation is permissible unless "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense <u>that is not a petty offense</u>."  18 U.S.C. § 3561(a) (emphasis added).

---

[2]     In addition, the government argues that "[a] sentencing court may also impose 'intermittent' confinement as a condition of probation to be served in multiple intervals during a defendant's first year on probation."  Gov't Sentencing Mem. at 50 (citing 18 U.S.C. § 3563(b)(10); <u>see</u> <u>United States v. Anderson</u>, 787 F. Supp. 537, 539 (D. Md. 1992)).  The government has refrained from requesting this type of sentence, however, due to the "practical and logistical concerns involved when an individual repeatedly enters and leaves a detention facility during an ongoing global pandemic."  Gov't Sentencing Mem. at 50.  This opinion, in turn, does not address the propriety of intermittent incarceration for Mr. Caplinger's offense.

This language reiterates the default rule from Section 3551 – that courts generally must choose between a sentence of incarceration and a sentence of probation when sentencing a criminal defendant – but it then provides a carveout for petty offenses.  See United States v. Sarko, 2022 WL 1288435, at *2 ("[F]or any federal offense other than a petty offense, Section 3561(a)(3) prohibits 'imposition of both probation and straight imprisonment,' consistent with the general rule in Section 3551(b).").

The parties agree that "a sentencing court has authority to impose a split sentence where a defendant is sentenced to imprisonment for a petty offense and probation for any other – that is, a 'different' – offense."  Gov't Suppl. Br. at 2 (citing FPD Br. at 7-8).  The disputed issue is whether the Court also has the authority to impose a split sentence for a single petty offense. As discussed above, Section 3561(a)(3) permits a term of probation unless "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).  The government contends that the phrase "that is not a petty offense" modifies the entire phrase "the same or a different offense," see Gov't Sentencing Mem. at 45, whereas Mr. Caplinger and the FPD argue that it modifies solely "a different offense," see Def. Suppl. Br. at 6; FPD Br. at 6.  Mr. Caplinger and the FPD therefore maintain that under Section 3561(a)(3), probation is prohibited for "offenses for which a sentence of imprisonment has already been imposed . . . and cases where another sentence of imprisonment is being imposed for a different offense that is not a petty offense."  Def. Suppl. Br. at 4.  The Court disagrees.  This interpretation creates an illogical reading of the statute, and the Court finds none of the statutory interpretation arguments presented by Mr. Caplinger or the FPD, discussed below, persuasive.

First, the FPD asserts that "[h]ad the drafters meant for 'is not a petty offense' to apply to both 'the same' and 'a different offense,' the proper wording of subsection (a)(3) would have been: 'the same or a different offense, which is not a petty offense.'"  FPD Br. at 6 (citing Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 143 (2012)). This alternative syntax, however, "leav[es] behind a sentence that is not only ungrammatical but nonsensical."  Gov't Suppl. Br. at 2.  Section 3561(a)(3) states that probation is permitted unless "the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense that is not a petty offense."  18 U.S.C. § 3561(a)(3).  If the Court accepts Mr. Caplinger and the FPD's contention that the phrase "that is not a petty offense" only applies to "a different offense," then "the phrase 'the same' stands alone" with nothing modifying it.  Gov't Suppl. Br. at 3.  "By contrast, interpreting 'that is not a petty offense' to apply to 'the same or a different offense' does not require breaking up that integrated phrase."  Id.

Second, Mr. Caplinger and the FPD contend that the last-antecedent canon provides that "the same or a different offense" only modifies "the noun or phrase that it immediately follows."  See Def. Suppl. Br. at 6-7 (quoting Barnhart v. Thomas, 540 U.S. 20, 26 (2003) (emphasis added in brief)).  This argument, however, does not account for the fact that "the same" is a component part of the phrase "the same or a different."  It therefore is quite consistent with Barnhart v. Thomas to conclude that "that is not a petty offense" modifies the entire "phrase":  "the same or a different offense."  See also United States v. Little, 2022 WL 768685, at *5 ("Here, the petty-offense clause extends to the 'the same or a different offense' in its entirety because 'same' functions as an adjective.").

Third, contrary to the position proffered by Mr. Caplinger and the FPD, the use of the disjunctive "or" in the phrase "the same or a different offense" does not indicate that "the

later modifying clause does not carry over to the term that precedes the disjunctive." FPD Br. at 6 (citing United States v. Nishiie, 996 F.3d 1013, 1023 (9th Cir. 2021)). Instead, Nishiie makes clear that "terms connected by a disjunctive [are] given separate meanings, unless the context dictates otherwise." United States v. Nishiie, 996 F.3d at 1023 (emphasis added). Here, for a myriad of reasons, the context clearly dictates that "the same or a different offense" is one unitary phrase. See also United States v. Little, 2022 WL 768685, at *5 (quoting Lockhart v. United States, 577 U.S. 347, 352 (2016)) ("The phrase lacks 'unexpected internal modifiers or structure.'").

Fourth, Mr. Caplinger argues that because "a determiner 'a' is inserted before the term 'different offense[,]' [t]his cuts off the postpositive modifier." Def. Suppl. Br. at 6 (citing Scalia, & Gardner, supra, at 149). Judge Lamberth persuasively debunked this assertion, explaining that in Section 3561(a)(3), "this indefinite article is grammatically necessary." United States v. Little, 2022 WL 768685, at *5. "The determiner 'the' preceding the word 'same' would not naturally apply to an otherwise undefined 'different offense.' Stated differently, the sentence would be grammatically incorrect without the 'a,' and drafters are 'presumed to be grammatical in their compositions.'" Id. (quoting Scalia & Garner, supra, at 140).

Finally, the Court concludes that the ordinary meaning of the words employed in the relevant statute support the government's interpretation. See Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. at 566. In United States v. Little, Judge Lamberth chronicled Congress's common usage of the phrase "the same or a different" and concluded that "in other provisions of the U.S. Code, Congress consistently uses 'the same' as an adjective modifying the noun following it."

United States v. Little, 2022 WL 768685, at *6 (collecting statutes).[3]  Judge Lamberth also

surveyed the phrase's common usage across other legal contexts, including by the Supreme

Court and in the Restatement (Second) of Judgments.  See id. at *6.[4]  The Court agrees with

Judge Lamberth's analysis, which confirms that in these analogous legal contexts, "the 'same' is

consistently used as an adjective to modify the subsequent noun."  Id.

### 2.  Statutory Structure

The statutory scheme underlying the relevant federal sentencing laws provides

additional support for the government's interpretation of the statute.  Section 3551(a) states that

"[e]xcept as otherwise specifically provided, a defendant. . . shall be sentenced in accordance

with the provisions of this chapter."  18 U.S.C. § 3551(a).  This language "leaves open the

possibility of exceptions to the default rule that imprisonment and probation are mutually

exclusive."  United States v. Little, 2022 WL 768685, at *7.  Here, Section 3561(a)(3)

---

[3]       See, e.g., 34 U.S.C. § 12475 ("[A]ssisting victims who need to leave a public
housing, tribally designated housing, or assisted housing unit quickly to protect their safety,
including those who are seeking transfer to a new public housing unit, tribally designated
housing unit, or assisted housing unit, whether in the same or a different neighborhood or
jurisdiction . . ." (emphasis added)); 5 U.S.C. § 8412a(b)(3) ("A phased retiree ... may transfer to
another position in the same or a different agency, only if the transfer does not result in a change
in the working percentage." (emphasis added)); 10 U.S.C. § 1447(11)(B) ("A child who is a
student is considered not to have ceased to be a student during an interim between school years if
the interim is not more than 150 days and if the child shows to the satisfaction of the Secretary of
Defense that the child has a bona fide intention of continuing to pursue a course of study or
training in the same or a different school during the school semester . . . immediately after the
interim." (emphasis added)).

[4]       See, e.g., Currier v. Virginia, 138 S. Ct. 2144, 2155 (2018) (Gorsuch, J.) ("If issue
preclusion really did exist in criminal law, why wouldn't it preclude the retrial of any previously
tried issue, regardless whether that issue stems from the same or a different 'criminal episode'?"
(second emphasis added)); Restatement (Second) of Judgments § 27 (Am. L. Inst. 1982) ("[The]
determination is conclusive in a subsequent action between the parties, whether on the same or a
different claim." (emphasis added)).

"specifically provide[s]" an exception to the prohibition against split sentences for petty offenses.  18 U.S.C. § 3551(a); <u>see</u> <u>also</u> <u>United States v. Little</u>, 2022 WL 768685, at *4 ("[W]hile a defendant's sentence of a term of imprisonment <u>may</u> affect a court's ability to impose probation, the petty-offense clause limits this exception."); <u>United States v. Sarko</u>, 2022 WL 1288435, at *2 (concluding that Section 3561's prohibition against split sentences "'does not extend' to a defendant sentenced to a petty offense.").

   This interpretation is also bolstered by the "old and familiar rule" that "the specific governs the general" in statutory construction.  <u>Patten v. D.C.</u>, 9 F.4th 921, 926 (D.C. Cir. 2021), <u>cert. denied</u>, 142 S. Ct. 1129 (2022) (citing <u>RadLAX Gateway Hotel, LLC v. Amalgamated Bank</u>, 566 U.S. 639, 645-46 (2012)).  This canon of statutory construction is "most frequently applied to statutes in which a general permission or prohibition is contradicted by a specific prohibition or permission."  <u>RadLAX Gateway Hotel, LLC v. Amalgamated Bank</u>, 566 U.S. at 645.  The application of this canon is appropriate here, where "Section 3561(a)(3)'s grant of authority provides a narrow exception to Section 3551(b)'s general rule."  <u>United States v. Little</u>, 2022 WL 768685, at *7; <u>see</u> <u>also</u> <u>United States v. Sarko</u>, 2022 WL 1288435, at *2.  "This canon ensures that <u>all</u> of Congress's goals set forth in the text are implemented."  <u>United States v. Little</u>, 2022 WL 768685, at *8.

   A related canon of statutory construction dictates that "[w]here a conflict exists 'between a general provision and a specific one, whichever was enacted later might be thought to prevail.'"  Gov't Sentencing Mem. at 47 (quoting Scalia & Garner, <u>supra</u>, at 185).  Here, the petty offense exception in Section 3561(a)(3) is a "specific" provision enacted ten years after Congress passed the "general provision" banning split sentencing.  See <u>United States v. Sarko</u>, 2022 WL 1288435, at *3. As originally enacted, Section 3561(a)(3) stated that "[a] defendant

who has been found guilty of an offense may be sentenced to a term of probation unless . . . the defendant is sentenced at the same time to a term of imprisonment for the same or a different offense." Pub. L. No. 98-473, § 212, 98 Stat. 1837, 1992 (1984). The 1994 amendment "insert[ed] 'that is not a petty offense' before the period." Pub. L. 103-322, § 280004, 108 Stat. 1796, 2096 (1994); <u>see also</u> <u>United States v. Sarko</u>, 2022 WL 1288435, at *2. Congress's addition of "the more specific, later-enacted carveout for split sentences," Gov't Sentencing Mem. at 47, therefore prevails over the general prohibition in situations where the Court is sentencing a defendant who has committed a petty offense. In sum, "the broader context of the statute as a whole" confirms that Section 3561(a)(3) serves as an exception to Section 3551. <u>Robinson v. Shell Oil Co.</u>, 519 U.S. at 341.

### 3.   Legislative History

Because the language of Section 3561(a)(3) is clear and "the statutory scheme is coherent and consistent," the Court need not look beyond the statute's text to determine its meaning. <u>Robinson v. Shell Oil Co.</u>, 519 U.S. at 340 (internal quotations omitted). The legislative history, however, further confirms that the government's interpretation is consistent with Congress's purpose in enacting the statute. <u>United States v. Cordova</u>, 806 F.3d at 1099.

Before Congress passed the Sentencing Reform Act of 1984, split sentences were authorized in certain cases. <u>See</u> <u>United States v. Cohen</u>, 617 F.2d 56, 59 (4th Cir. 1980) (noting that the "primary purpose [of the then existing statute] was to enable a judge to impose a short sentence, not exceeding six months, followed by probation on a one count indictment"). In 1984, however, Congress amended the federal sentencing laws in a number of significant ways, two of which are relevant here. First, Congress enacted 18 U.S.C. § 3583(b)(3), which permitted courts to impose supervised release for misdemeanors with an authorized term of "not

more than one year."  See Pub. L. No. 98-473, § 212, 98 Stat. 1837, 1999 (1984).  Second,

because of the enactment of the supervised release provision, Congress abolished split sentences

without exceptions.  See id. at 1992.  The Senate Judiciary Committee report accompanying the

Sentencing Reform Act of 1984 explained that the amendment "specifically bar[s] a sentence to

probation in a case in which a defendant has been sentenced at the same time to a term of

imprisonment either for the same offense or for a different offense."  S. REP. No. 98-225, at 89

(1983).  The report reasoned that

> [t]he same result may be achieved by a more direct and logically
> consistent route – under sections 3581 and 3583, the court may
> provide that the convicted defendant serve a term of imprisonment
> followed by a term of supervised release.  The provision will
> permit latitude in the specification of the time to be spent in the
> custody of the Bureau of Prisons and in the nature of the facility. . .
> The Committee is of the opinion that this flexibility will permit the
> court to formulate a sentence best suited to the individual needs of
> the defendant.

Id.  This made clear that Congress intended to abolish split sentences because the supervised

release statute provided a more flexible alternative.

In 1987, the federal sentencing laws changed with the enactment of the

Sentencing Act of 1987, which amended Section 3583(b)(3) to carve out petty offenses from the

supervised release statute.  See Pub. L. No. 100-182, § 8, 101 Stat. 1266, 1267 (1987)

("Section 3583(b) of title 18, United States Code, is amended . . . in paragraph (3), by inserting

after 'misdemeanor' the following: '(other than a petty offense).'"); cf., United States v.

Jourdain, 26 F.3d 127, (8th Cir. 1994) (unpublished) (finding that it was plain error to impose a

term of supervised release for a petty offense).  This legislation, however, left a gap in the law –

not only was supervised release unavailable for petty offenses, but Section 3561(a)(3) continued

to prohibit split sentences for all criminal defendants.

14

In 1994, Congress sought to close this gap and reinstate a sentencing court's authority to allow a term of supervision after incarceration for petty offenses.  See Pub. L. 103-322, § 280004, 108 Stat. 1796, 2096 (1994) (amending Section 3561(a)(3) by "inserting 'that is not a petty offense' before the period.").  The government's interpretation of the current statute is consistent with Congress's longtime goal:  to give courts "latitude" and "flexibility . . . to formulate a sentence best suited to the individual needs of the defendant."  S. REP. NO. 98-225, at 89 (1983); see also United States v. Sarko, 2022 WL 1288435, at *2 ("Because sentencing courts may not impose supervised release on petty-offense defendants, see 18 U.S.C. § 3583(b)(3), permitting a combined sentence of continuous incarceration and probation for petty offenses makes sense.").

Mr. Caplinger and the FPD suggest that with the 1994 amendment, Congress sought to give courts the authority to impose a sentence of incarceration and probation only when a defendant is sentenced for multiple offenses.  This distinction, however, would lead to an arbitrary result.  As discussed above, supervised release was previously available for all misdemeanor offenses and had never been limited to situations in which a defendant was sentenced for multiple offenses.

Furthermore, there is no merit to the FPD's argument that "if Congress wanted to provide some degree of supervision for a person sentenced to incarceration for one single petty offense, it could have. . . ma[d]e supervised release available for all misdemeanors."  FPD Br. at 13.  This argument fails because the FPD has already conceded that the amendment to Section 3583(b)(3) permits a period of supervision after incarceration when there are multiple offenses.  The FPD therefore effectively acknowledges that in 1994, Congress chose to authorize split sentences for petty offenses through probation, not supervised release.

15

### B.  Rule of Lenity and Constitutional Avoidance

Mr. Caplinger and the FPD invoke the rule of lenity and the doctrine of constitutional avoidance to support their position that a split sentence is not authorized for a single petty offense.  They argue that the rule of lenity requires the Court to adopt their position because "'ambiguous criminal laws [must] be interpreted in favor of the defendants subjected to them.'"  FPD Br. at 16 (quoting United States v. Cano-Flores, 796 F.3d 83, 93–94 (D.C. Cir. 2015)); see also Def. Supl. Br. at 7.  Mr. Caplinger and the FPD also argue that the doctrine of constitutional avoidance requires the Court to reject the government's reading of the statute because a cumulative punishment of both probation and incarceration "may be severe enough to rebut the presumption that a defendant is not entitled to a jury trial and thereby entitle Mr. Caplinger and other petty offenders to jury trials in federal court."  FPD Br. at 18.

The Court rejects these arguments for two reasons.  First, neither the rule of lenity nor the canon of constitutional avoidance applies to this case because, as discussed above, there is no genuine ambiguity in the statute.  And second, the Court agrees with the government that "the potential constitutional availability of a jury trial [does not have] any relevance to how to interpret statutes addressing the potential punishments for conviction."  Gov't Suppl. Br. at 8.

16

IV.    CONCLUSION

For the foregoing reasons, the Court concludes that the federal sentencing statutes, 18 U.S.C. § 3551 et seq., permit the Court to impose both a custodial sentence and a sentence of probation for a violation of 40 U.S.C. § 5104(d), a petty offense, Class B misdemeanor.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 7, 2022