**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

**UNITED STATES OF AMERICA**

v.

**JERAMIAH CAPLINGER,**

**Defendant.**

</td><td>

**Civil Action No. 21-cr-342 (PLF/GMH)**

</td></tr>
</table>

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the undersigned is the Pretrial Services Agency's ("PSA") Pretrial Violation Report regarding Defendant Jeramiah Caplinger's alleged violations of the conditions of his supervised release.  ECF No. 58.  Defendant is alleged to have participated in the attack on the United States Capitol Building on January 6, 2021, and is charged with violations of 18 U.S.C. §§ 1752(a)(1) and (2) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority); 40 U.S.C. §§ 5104(e)(2)(D) and (G) (Violent Entry and Disorderly Conduct on Capitol Grounds); and 40 U.S.C. § 5104(d) (Climbing on U.S. Capitol Grounds).  ECF No. 1 at 1; ECF No. 11 at 1–3.  More specifically, the government says Defendant drove to Washington, D.C. from his home in Michigan, scaled a wall outside the Capitol, and then entered the Capitol during the time at which "elected members of the U.S. House of Representatives and the U.S. Senate" were scheduled to meet "in separate chambers of the Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election."  ECF No. 11 at 1–3; *see also* ECF No. 1-1 at 2–4, 9. Defendant was arrested on April 6, 2021.  *See* ECF No. 5.  Later that month, the undersigned released Defendant on conditions pending trial; one of those conditions was that Defendant "not use or unlawfully possess a narcotic drug or other controlled substances . . . unless prescribed by a licensed medical practitioner."  ECF No. 9 at 2.  The conditions of release further advised

Defendant that he was "[p]rohibited from using marijuana under federal law." *Id.* Defendant later pleaded guilty to the 40 U.S.C. § 5104(d) charge as part of a plea agreement, ECF No. 36 at 1, and his sentencing is set for August 1, 2022, *see* Minute Order (June 27, 2022).

Unfortunately, Defendant was not fully compliant with the terms of his supervised release. According to PSA, Defendant has tested positive for cannabinoids—one of which is tetrahydrocannabinol ("THC"), the primary intoxicating compound in cannabis (marijuana)—on a number of occasions over the last year in violation of the terms of his supervised release, which, as explained, forbid Defendant from "us[ing] . . . . a narcotic drug or other controlled substances." ECF No. 9 at 1; ECF No. 58 at 3. Specifically, PSA reported positive tests for marijuana in August, September, and October 2021, and March 2022. ECF No. 58 at 3. PSA requested that Defendant be directed to comply with the condition that he not use or possess narcotics or other controlled substances, including marijuana. *Id.* Upon receipt of the violation report, Judge Friedman directed the parties to submit short memoranda addressing what should be done in light of Defendant's serial positive drug tests, and thereafter referred the matter to the undersigned to hold a hearing on whether to modify, revoke, or terminate Defendant's supervised release. *See* Minute Order (Mar. 30, 2022). The parties submitted the requested memoranda, *see* ECF Nos. 60, 61, and 63; the government sought to have Defendant detained in advance of his sentencing, while Defendant asked that an admonishment be given or that testing be suspended. Defendant also produced a letter from his doctor in Michigan stating that Defendant suffers from chronic pain and "met the qualifications to apply for the Michigan Medical Marijuana Program." ECF No. 63 at 1.

The undersigned held hearings on PSA's violation report on April 15, May 27, and July 14, 2022. At the initial hearing on April 15, Defendant's probation officer in the Eastern District of Michigan reported that Defendant had again tested positive for marijuana on the morning of

that day's hearing.  Defense counsel conceded that this positive test came after Judge Friedman

had admonished Defendant some months prior concerning his marijuana use, but explained that

Defendant had turned to cannabidiol ("CBD") products that, according to counsel, were not

supposed to contain THC.  Defendant's probation officer also noted that Plaintiff was attending

dual drug-mental health treatment once per month and had been doing so since January 2022.

Notwithstanding the ongoing treatment, the government reiterated its argument that Defendant be

held pending sentencing.  Defendant, on the other hand, contended that several factors weighed

against revocation of his release, including that he had become the sole provider for his significant

other and their two children; he had only just begun drug treatment; and that he was now in

possession of a medical marijuana card from the state of Michigan.  Consistent with the

undersigned's findings in *United States v. Johnson*, 228 F. Supp. 3d 57 (D.D.C. 2017) and *United

States v. Parker*, 219 F. Supp. 3d 183 (D.D.C. 2016), the undersigned admonished Defendant that

he could not use or possess marijuana while under federal supervision even if it was lawful to do

so under Michigan law.[1]  Any lack of clarity on that issue having been dispelled, the undersigned

gave the Defendant an opportunity to come into compliance with his conditions of release in this

federal case, including the prohibition on his possession and use of marijuana.  A follow-up hearing

---

[1] To the extent that any or all of Defendant's positive drug tests were triggered by marijuana consumed legally under state law, including a state medical marijuana program, the Rohrabacher-Farr Amendment to Congress' annual appropriations act "does not foreclose a response by this Court to the Probation Office's Petition" concerning the Defendant's use of marijuana while under federal supervision. *Johnson*, 228 F. Supp. 3d at 61–62. As the First Circuit has recently explained, "for each fiscal year since 2015 . . . Congress has attached a rider to its annual appropriations bill that states: 'None of the funds made available under this Act to the Department of Justice may be used, with respect to [Michigan and other states], to prevent any of them from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana.'" *United States v. Bilodeau*, 24 F.4th 705, 709 (1st Cir. 2022) (quoting Consolidated Appropriations Act, 2019, Pub. L. No. 116-6, § 537, 133 Stat. 13, 138 (2019)). That rider, "[s]ometimes referred to as the 'Rohrabacher-Farr Amendment,'" while "plac[ing] a practical limit on federal prosecutors' ability to enforce the [Controlled Substances Act] with respect to certain conduct involving medical marijuana," *id.*, says nothing about this Court's ability to police defendants' compliance with the conditions of their pretrial or post-sentence supervised release, *see Johnson*, 228 F. Supp. 3d at 62; *see also United States v. Walsh*, 654 Fed. Appx. 689, 696 (6th Cir. 2016) (finding that the district court did not abuse its discretion in refusing to construe the Rohrabacher-Farr Amendment to require that a "court to halt or alter this criminal prosecution in its final stages").

was scheduled for May 2022 to check-in on Defendant's compliance with his conditions of release. The undersigned also requested that Defendant's drug and mental health treatment be increased.

The next hearing was held on May 27.  At that time, PSA reported that Defendant's drug screens on May 9 and May 19 were negative for all illicit substances and that Defendant's drug and mental health treatment had been upped to twice per month.  *See* ECF No. 67 at 3.  Both PSA and the Defendant urged that his supervised release should not be revoked, while the government reiterated its request that Defendant be held pending sentencing.  The undersigned commended Defendant on his negative drug screens but again reminded him that future violations could result in his being detained.  Another status conference was set for July to check-in on Defendant's compliance with his conditions of release.

The third and final hearing was held on July 14.  PSA reported that Defendant tested negative for illicit substances that day.  Given those results and his upcoming sentencing set for August 1, the parties agreed that no further proceedings should be held before the undersigned, but that Defendant should be required to submit to another drug test prior to sentencing.

In light of the foregoing factual and procedural record and given the proximity to his sentencing, the undersigned recommends that Defendant's conditions of release remain in effect and unchanged, and that no further action be taken with respect to PSA's violation report.  To be sure, Defendant's use of marijuana and other products containing cannabinoids—including CBD products—violated the terms of his supervised release and federal law, and was not excused by the fact that he may have ingested some or all of those substances in accordance with state law. *See, e.g.*, *Johnson*, 228 F. Supp. 3d at 62; *see also Gonzales v. Raich*, 545 U.S. 1, 14 (2005) (explaining that marijuana is designated as a Schedule I narcotic under the Controlled Substances Act due to its "high potential for abuse, lack of any accepted medical use, and absence of any

accepted safety for use in medically supervised treatment"). That said, once that issue was further

clarified for Defendant and he was admonished by the undersigned, he has been testing negative

for illicit substances for the last few months, has been receiving dual drug-mental health treatment,

and has otherwise been compliant with the terms of his release over the past year. *See* ECF No.

67 at 2–3 (noting that Defendant was compliant with most of his release conditions). In these

circumstances, and with Defendant's sentencing just days away, the undersigned recommends that

Defendant's conditions of release pending sentencing remain unchanged and that no further action

be taken with respect to PSA's violation report.


Date:  July 25, 2022                           _____
                                               G. MICHAEL HARVEY
                                               UNITED STATES MAGISTRATE JUDGE