UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CASE NO.: 21-cr-342 PLF

JERAMIAH CAPLINGER,

        Defendant.
_____/

## MOTION FOR BOND PENDING APPEAL

Defendant, Jeramiah Caplinger, moves this Court to enter an order granting bond pending appeal. In support of his requests, Defendant states that:

1. On August 1, 2022, this Court sentenced Jeramiah Caplinger to 35 days imprisonment followed by 24 months probation following his guilty plea to Climbing on Capitol Grounds, in violation of 40 U.S.C. §5104(d).

2. Mr. Caplinger had objected to the legality of imposing both a sentence of imprisonment and a sentence of probation for the same offense.

3. On August 16, 2022, Mr. Caplinger filed a timely notice of appeal, intending to raise the "split sentence" issue.

4. Mr. Caplinger has been directed to report to the Bureau of Prisons on August 31, 2022.

5. Mr. Caplinger has been free on pretrial release for 16 months and is currently in compliance with his bond conditions.

6. Mr. Caplinger moves for bond pending appeal pursuant to 18 U.S.C. § 3141(b)(1).

For the above noted reasons, this Court grant Mr. Caplinger bond pending appeal.

          Submitted,

          s/James R. Gerometta
          Counsel for Jeramiah Caplinger
          Federal Community Defender
          613 Abbott Street, Suite 500
          Detroit, Michigan 48226
          Email: james_gerometta@fd.org
          Phone: 313.967.5542

August 23, 2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CASE NO.: 21-cr-342 PLF

JERAMIAH CAPLINGER,

        Defendant.
_____/

**BRIEF IN SUPPORT OF**
**MOTION FOR BOND PENDING APPEAL**

I.

BACKGROUND

On August 2, 2022, this Court sentenced Jeramiah Caplinger to 35 days imprisonment followed by 24 months probation following his guilty plea to Climbing on the Captiol, in violation of 40 U.S.C. § 5104(d). The Government requested a split sentence of incarceration and probation in its January 25, 2022, sentencing memorandum. (R. 46). Mr. Caplinger objected to the legality of imposing two sentences, one of incarceration and one of probation, for the same offense. (R. 47) Following supplemental briefing (R. 51, 53, and 56) this Court held that such a sentence was legal. (R. 65). Mr. Caplinger has appealed his sentence and intends on raising the issue of the legality of the Court's split sentence. (R. 76). Mr. Caplinger's brief is currently due on September 19, 2022. (D.C. Cir., No. 22-3057).

Mr. Caplinger has remained free on pretrial release since his arrest on April 6, 2021. While on bond he has struggled with marijuana use, testing positive several times. (R. 71). However, since May 2022, Mr. Caplinger has been testing negative for marijuana. *Id.* Mr. Caplinger is working full time and supports his girlfriend, their young daughter, and his girlfriend's daughter from a previous relationship (his common law stepdaughter). On August 22, 2022, Mr. Caplinger was ordered to

report to the Bureau of Prisons on August 31, 2022. His 35-day sentence will expire on October 5, 2022, likely well before his appeal is resolved.

## II.

## ARGUMENT

To remain free on bond pending appeal, a defendant must establish by clear and convincing evidence that he is not a danger to the community or a risk of flight and that: (1) the appeal is not taken for the purpose of delay; (2) the appeal raised a substantia question or law or fact; and (3) a favorable ruling would result in reversal, a new trial, or no further custody. 18 U.S.C. §3143(b)(1)(A) and (B).

Here Mr. Caplinger has remained free on bond since his arrest over 16 months ago. While he struggled with marijuana use, he otherwise complied with all his bond conditions and is working to support his family. He is currently receiving treatment for his marijuana use and has had negative drug test over the last three months. There is no indication in the record that he presents a danger to the community or a risk of flight.

To determine if the appeal raises a substantial issue of law or fact, the D.C. Circuit has instructed courts to look at whether the question was a "close" one. Or in other words, if it could have "very well been decided the other way." *United States Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). The question of whether

Congress has authorized split sentences of incarceration and probation for petty offenses is such a question. To decide the issue, this Court ordered both supplemental briefing and appointed an *amicus curie* to brief the issue. This issue is currently pending in another appellate case in the D.C. Circuit, *United States v. Little*, 22-3018. Given the amount of litigation surrounding this issue, this Court can make a finding it is a substantial issue within the meaning of 18 U.S.C. §3143(b)(1)(B).

Finally, if Mr. Caplinger prevails on this issue, this Court will have to decide at resentencing whether to impose a sentence of incarceration or a probationary sentence. There would appear to be at least a substantial possibility that this Court may decide that a probationary sentence with conditions better serves the public interest than does a sentence of incarceration with no supervision to follow. Therefore, a favorable ruling on appeal may result in no further custody for Mr. Caplinger, satisfying the last prong of the statute.

## III.

## CONCLUSION

Mr. Caplinger faces a relatively short sentence of incarceration, 35 days. If he reports to the Bureau of Prisons on August 31, 2022, his period of incarceration will be done and he will have returned home and started his sentence of probation before his appeal is decided. Releasing him on appellate bond is the only way to ensure that his rights can be vindicated if he is successful on appeal. In light of the lack of evidence suggesting his dangerousness or a risk of flight, his release under 18 U.S.C. §3143(b)(1) is proper.

    Submitted,

    s/James R. Gerometta
    Counsel for Jeramiah Caplinger
    Federal Community Defender
    613 Abbott Street, Suite 500
    Detroit, Michigan 48226
    Email: james_gerometta@fd.org
    Phone: 313.967.5542

August 23, 2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CASE NO.: 21-cr-342 PLF

JERAMIAH CAPLINGER,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

    I, hereby certify that on August 23, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                      **FEDERAL COMMUNITY DEFENDER**

                                      s/James R. Gerometta
                                      Assistant Federal Defender
                                      613 Abbott Street, Suite 500
                                      Detroit, MI 48226
                                      Phone: 313-967-5839
                                      E-mail: james_gerometta@fd.org
                                      P60260

Dated:  August 22, 2022