UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-342 (PLF) |
| v. : | |
| : | |
| JERAMIAH CAPLINGER, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S NON-OPPOSITION TO DEFENDANT'S MOTION FOR BOND WHILE HE APPEALS HIS SENTENCE**

The defendant asks this Court to allow him to remain free on bond while he appeals the Court's sentence, specifically the legality of the Court's imposition of a "split sentence"—a period of incarceration followed by a period of supervision—on the B misdemeanor to which he pleaded guilty, 40 U.S.C. § 5104(d). ECF 78. The defendant timely filed a notice of appeal, ECF 76, but has not yet filed his appellate brief, which is due in just under three weeks, *see* ECF 78.

The United States does not oppose the defendant's request. The United States agrees that *United States v. Perholtz*, 836 F.2d 554 (D.C. Cir. 1987), provides the relevant standard and that the legality of split sentences for a defendant convicted of a single petty-offense conviction is a "close question or one that very well could be decided the other way." *Id.* at 555. Accordingly, it is appropriate to allow the defendant to remain out on bond, pursuant to 18 U.S.C. § 3143(b)(1), pending appeal.

Whether the defendant may appeal notwithstanding the appellate waiver in his plea agreement also presents a sufficiently "close question" to warrant release pending appeal. As relevant here, the plea agreement between the parties generally precludes the defendant from appealing his sentence unless that sentence exceeds the "statutory maximum." *See* ECF 36 at 4-5; *see also United States v. Guillen*, 561 F.3d 527, 531 (D.C. Cir. 2009) (appeal waiver does not

preclude a defendant from challenging "a sentence that is unlawful because it exceeds the statutory maximum"). In his appeal, the defendant may contend that the Court's split sentence—imprisonment and probation—exceeded the "maximum" permitted under the relevant statutes. Alternatively, the defendant may argue that the plea agreement did not unambiguously foreclose his sentencing claim. *See* Brief for Appellant, *United States v. Little*, No. 22-3018, at 38-40 (D.C. Cir.) (filed July 28, 2022). It should be understood that in acknowledging a "close question" on this question, however, the government neither concedes the defendant's appellate waiver does not apply here nor implies that it will not seek to enforce the appellate waiver in responding to the defendant's appeal.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:   /s/ *Michael M. Gordon*
Michael M. Gordon
Assistant United States Attorney
FL Bar No. 1026025
601 D Street, N.W.
Washington, DC 20530
Michael.Gordon3@usdoj.gov
(813) 274-6370