UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JERAMIAH CAPLINGER, )<br>)<br>Defendant. )<br>) | Criminal No. 21-0342 (PLF) |

MEMORANDUM OPINION AND ORDER

On August 1, 2022, after concluding that the federal sentencing statutes, 18 U.S.C. § 3551 et seq., permit the Court to impose both a custodial sentence and a sentence of probation for a violation of 40 U.S.C. § 5104(d), the Court sentenced defendant Jeramiah Caplinger to 35 days of imprisonment followed by 24 months of probation for his guilty plea to one count of stepping, climbing, removing, or injuring property on the U.S. Capitol grounds in violation of 40 U.S.C. § 5104(d). See Minute Entry (Aug. 1, 2022); Judgment [Dkt. No. 74]. Mr. Caplinger objected to the legality of such sentence, and on August 16, 2022, Mr. Caplinger timely filed a notice of appeal, "intending to raise the 'split sentence' issue." Motion for Bond Pending Appeal [Dkt. No. 78] at ¶ 3; see also Notice of Appeal [Dkt. No. 76].

On September 2, 2022, the Court granted Mr. Caplinger's unopposed Motion for Bond Pending Appeal [Dkt. No. 78] pursuant to 18 U.S.C. § 3143(b)(1). See Order [Dkt. No. 80].[1] The Court ordered that "all conditions imposed by Magistrate Judge Harvey in the

---

[1] In its response to Mr. Caplinger's motion, the government stated that "the United States does not oppose the defendant's request" and agreeing with Mr. Caplinger that "it is appropriate to allow the defendant to remain out on bond, pursuant to 18 U.S.C. § 3143(b)(1),

Order Setting Conditions of Release ("Pretrial Order") [Dkt. No. 9], as modified by this Court's Order Modifying Conditions of Release [Dkt. No. 38], shall remain in full force and effect." Id. at 2. Among Mr. Caplinger's conditions of release are that he must

- not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner

- submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

- participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

Pretrial Order at ¶ 7(m)-(o).

On January 10, 2023, the Court received a status report from the Pretrial Services Agency for the District of Columbia ("Pretrial") indicating that Mr. Caplinger has violated his conditions of supervised release. See Pretrial Services Agency for the District of Columbia Memorandum ("Status Report") [Dkt. No. 82]. The Status Report states that

> On 1/10/2023, PSA received an email from USPO Nicoloff, reporting the defendant submitted to a drug screen on 12/1/2022 which returned a confirmed positive for the illicit substance marijuana from the National Lab. The defendant remains in dual diagnosis treatment 2 times per month at this time. PSA respectfully requests the defendant be given a judicial directive to comply with drug testing condition of release.

Status Report at 3.

---

pending appeal." Government's Non-Opposition to Defendant's Motion for Bond While He Appeals His Sentence [Dkt. No. 79] at 1.

This is not a new issue for Mr. Caplinger. On April 13, 2022, after receiving notice that Mr. Caplinger had tested positive for marijuana multiple times, the Court referred Mr. Caplinger's pretrial violations to Magistrate Judge G. Michael Harvey "to modify, revoke, or terminate Mr. Caplinger's conditions of supervised release, and for the preparation of a report and recommendation to this Court." Minute Order (Apr. 13, 2022). Judge Harvey held three separate hearings on this matter on April 15, May 27, and July 14, 2022. On July 25, 2022, Judge Harvey issued a report and recommendation to this Court. See Report and Recommendation ("Rep.") [Dkt. No. 69]. Judge Harvey reached the following conclusion in his report and recommendation:

> Defendant's use of marijuana and other products containing cannabinoids—including CBD products—violated the terms of his supervised release and federal law, and was not excused by the fact that he may have ingested some or all of those substances in accordance with state law. See, e.g., [United States v. Johnson, 228 F. Supp. 3d 57, 62 (D.D.C. 2017)]; see also Gonzales v. Raich, 545 U.S. 1, 14 (2005) (explaining that marijuana is designated as a Schedule I narcotic under the Controlled Substances Act due to its "high potential for abuse, lack of any accepted medical use, and absence of any accepted safety for use in medically supervised treatment"). That said, once that issue was further clarified for Defendant and he was admonished by the undersigned, he has been testing negative for illicit substances for the last few months, has been receiving dual drug-mental health treatment, and has otherwise been compliant with the terms of his release over the past year. See ECF No. 67 at 2–3 (noting that Defendant was compliant with most of his release conditions). In these circumstances, and with Defendant's sentencing just days away, the undersigned recommends that Defendant's conditions of release pending sentencing remain unchanged and that no further action be taken with respect to PSA's violation report.

Rep. at 4-5. Consistent with Judge Harvey's recommendation, the Court did not modify Mr. Caplinger's conditions of release and proceeded to sentencing on August 1, 2022. See Transcript of Sentencing Hearing, August 1, 2022 [Dkt. No. 81] at 3:24-5:3.

3

The Court has carefully considered Mr. Caplinger's history of pretrial violations, Judge Harvey's report and recommendation, and Pretrial's Status Report of January 10, 2023. The Court agrees with Pretrial that the defendant should be given a judicial directive to comply with the conditions of release requiring that he submit to drug testing and that he not use or possess a narcotic drug or other controlled substance. Accordingly, it is hereby

ORDERED that Mr. Caplinger shall comply with all conditions imposed by Magistrate Judge Harvey in the Order Setting Conditions of Release ("Pretrial Order") [Dkt. No. 9], as modified by this Court's Order Modifying Conditions of Release [Dkt. No. 38], especially with regard to the conditions listed in the Pretrial Order at ¶ 7(m)-(o); and it is

FURTHER ORDERED that any further violations of Mr. Caplinger's conditions of release may result in revocation of this Court's Order [Dkt. No. 80], which permits Mr. Caplinger to remain on bond pending appeal.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 1/11/23