UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.            CASE NO.: 21-0342 (PLF)

JERAMIAH CAPLINGER,

    Defendant.

_____/

## DEFENDANT'S SENTENCING MEMORANDUM

### I.

### INTRODUCTION

On August 1, 2022, this Court sentenced Jeramiah Caplinger to 35 days incarceration plus 2 years of probation for the offense of Climbing on U.S. Capitol Grounds. Mr. Caplinger has served his 35 days of incarceration and approximately 1 year of his probation.  Additionally, he was under pretrial supervision for almost 2 years.

Since serving his sentence of incarceration, Mr. Caplinger has been in substantial compliance with his terms of probation and, as the Government notes, has made substantial personal gains.  A sentence of time served is appropriate because: (1) he has completed the custodial portion of his sentence and further punishment would violate the Double Jeopardy Clause; and (2) equitably, Mr.

Caplinger has been on supervision for 3 years, has substantially matured, and there is no need to continue supervision.

## II.

## FACTUAL INFORMATION

a. <u>Jeremiah Caplinger's History</u>

As this Court is aware from Mr. Caplinger's prior sentencing, he grew up in a working-class family in the Detroit area.  His father struggled to maintain employment and this left a lasting impression on Mr. Caplinger, shaping his outlook on life.  He committed himself to the idea of self-reliance and conservative values. He continues to hold those beliefs and is a committed supporter of the Republican Party and its presumptive nominee, Donald Trump.

Outside of politics, Mr. Caplinger is a devoted father and stepfather.  His children mean everything to him.  Over the last two years, he has worked every minute of overtime available to him in automotive factories in order to provide for his children.




Mr. Caplinger has struggled with marijuana use. Marijuana is legal in Michigan and Mr. Caplinger used it recreationally. Unfortunately, it became his primary means of relieving stress. It should go without saying that the pending criminal case against him and the concern about serving a prison sentence was a primary source of his stress. Since he has served the custodial portion of his sentence, his stress level has lessened, and his marijuana use has been under much better control. Additionally, he has completed his GED.

b. Mr. Caplinger's Involvement in MAGA Politics

As noted above, Mr. Caplinger was a conservative and he embraced Donald Trump's populist message. He closely followed President Trump's messages and statements.

Even before the 2020 election, President Donald Trump made statements intended to sow doubt about the results of that election.  See Final Report of the Select Committee to Investigate the January 6th Attack on the United States Capitol, Chapter 1, Section 3. After he lost the election, Mr. Trump's rhetoric, intended to undermine public confidence in the election results and convince his supporters that he had actually won the presidential election, only increased.  *Id*. Chapter 1, Section 4 et seq.  Mr. Trump's rhetoric was intended to spur his supporters to take action, including drastic action.  *Id*. Chapter 6.

Mr. Caplinger echoed this extreme rhetoric on social media.  The Government has highlighted many of his Twitter posts that contained this extreme and sometimes violent sounding rhetoric.  Mr. Capling attended the January 6 rally and marched on the Capitol as instructed by then President Trump.  Once there, he bypassed a large swath of the crowd by climbing up a wall and entered the Capitol building.

Notably, despite his enthusiastic rhetoric, Mr. Caplinger did not engage in any direct violence while at the Capitol.  He did not break or steal any items.  He entered the building, sometimes chanted, walked around, avoided confrontations, and left.

Mr. Caplinger continues to support Donald Trump.  He continues to question the validity of the 2020 election, as do a third of Americans. See Fortinsky, S. 2024, 'One-third of adults in new poll say Biden's election was illegitimate', *The Hill*, 2 January, accessed March 28, 2024. link (citing a Washington Post/University of

Maryland survey).   Additionally, he is still an avid social medial user.   The Government's sentencing memorandum cites a March 9, 2024 Twitter/X repost by Mr. Caplinger as evidence of his continued radicalization.

It should be noted that Mr. Caplinger reposted this video and statement about January 6th without personally commenting on it.  The original post was by "The Redheaded Libertarian", a right-wing internet personality with a significant web and social medial presence.  Mr. Caplinger is a follower of hers and frequently reposts her material.  In fact, Mr. Caplinger reposts a lot of material.  On March 9, 2024, the day he reposted the video and comment cited by the Government, he reposted over 20 other Twitter/X posts.  This is typical for Mr. Caplinger.  His Twitter/X feed contains thousands of reposts, and finding this particular repost was a time-consuming endeavor.

### III.

### A SENTENCE OTHER THAN TIME SERVED IS ILLEGAL

Because Mr. Caplinger has already served his prison term, he cannot be resentenced to a term of probation. Under *In Re Bradley,* 318 U.S. 50 (1943), "where 'one valid alternative provision of the original sentence has been satisfied, the petitioner is entitled to be freed of further restraint.'" *Jones v. Thomas*, 491 U.S. 376, 383 (1989) (quoting *Bradley*, 318 U.S. at 52). In *Bradley*, the sentencing court imposed a "$500 fine *and* six months' imprisonment under a statute that provided

5

only for fine *or* imprisonment." *Thomas*, 491 U.S. at 383. "The trial court then realized its mistake, amended its sentencing order by omitting the fine and retaining only the 6-month prison sentence, and instructed the Clerk to return the fine to Bradley's attorney, who refused to accept it." *Id.* The Supreme Court remanded with direction that the petitioner be discharged from custody because he had satisfied one valid alternative provision of the original sentence. *In re Bradley*, 318 U.S. at 52. Because Mr. Caplinger has already served the valid alternative punishment of a custodial sentence, the Double Jeopardy Clause prohibits him from being subjected to a probationary term in addition to the satisfied alternative custodial sentence.

Th Government cites a number of cases in its sentencing memorandum for the proposition that this Court can impose an additional or increased sentence on Mr. Caplinger. However, those cases involve defendants who, although they may have begun serving their sentences, had not completed that sentence. Mr. Caplinger has *completed* his 35 days incarceration and satisfied the lawful portion of the Court's original sentence.

Because Mr. Caplinger has already served his custodial sentence, precedent prohibits increasing Mr. Caplinger's custodial term or imposing the alternative punishment of probation. *See United States v. Holmes,* 822 F.2d 481, 498 (5th Cir. 1987) (holding that, because defendant fully satisfied lawful alternative sentence, he could not be subject to additional punishment); *United States v. Edick*, 603 F.2d 772,

778 (9th Cir. 1979) (holding that "the district court lost the power to resentence" the defendant after he "fully satisfied one of the valid alternative punishments").

Mr. Caplinger therefore respectfully asks this Court to vacate his sentence of probation and leave in place solely his discharged custodial sentence of 35 days.

IV.

SENTENCING FACTORS

If this Court finds that it can resentence Mr. Caplinger, a sentence of time served is appropriate under 18 U.S.C. §3553. The above sections discuss the nature and circumstance of the offense (which are serious) and the history and characteristics of the defendant (which are largely positive). The remaining §3553 sentencing factors warrant a non-custodial sentence.

Mr. Caplinger has posted and continues to post material on social media in support of Donald Trump. In the past, some of these posts contained rhetoric that seems to condone violence. However, while he participated in the mass of people that made the January 6th riot possible, he did not himself engage in any directly violent activity and, in fact, appears to have carefully avoided direct confrontation.

For his role in the events of January 6th, he has served 35 days in custody and been under one kind of court supervision or another for 3 years. His incarceration, along with the sentences handed down in other cases, serves as a warning to him and

others that the conduct that occurred on January 6th can and will result in incarceration. It is a sufficient deterrent.

As noted by the Government, Mr. Caplinger has continued to mature as this case moves forward.  He began the case as an unemployed father without a high school diploma because of his strong beliefs about mask and vaccine mandates. Now he has a GED and, when it was available, worked 60+ hour weeks to support his family.  He has paid restitution and, now that significant overtime work is not available, he is beginning to complete his required community service hours.  While still a supporter of Donald Trump, his focus is on his family.

The Government argues in its sentencing memorandum that, because of his continued social media posts, this Court should keep him under supervision through the 2024 election.  This argument comes dangerously close to punishing him for his continued support of the former president.  Mr. Caplinger was not a leader or organizer of January 6th.  He engaged in no direct violence while at the Capitol.  He is not now trying to engage in any organized political activities.  He one of many Americans who are currently distrustful of the Government, its motives, and the facts it presents.  Keeping him on probation will do nothing to counter these feelings in him or the one-third of Americans similarly situated.  In fact, it will do the opposite. Mr. Caplinger has done his best to comply with his conditions of supervision and

has served his sentence of incarceration. Accordingly, he should be allowed to move forward in his life and to continue to focus on his family.

## V.

## CONCLUSION

Jeramiah Caplinger has already completed the custodial portion of his sentence imposed by this Court. Additionally, he has served a year of probation and an additional 2 years of pretrial supervision. He is working and supporting his family. This Court should impose a sentence of time served.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**

s/James R. Gerometta
Assistant Federal Defender
613 Abbott Street, Suite 500
Detroit, MI 48226
Phone: 313-967-5839
E-mail: james_gerometta@fd.org
P60260

Dated: March 29, 2024

9